1

2

3

4

5

**ZIEVE, BRODNAX & STEELE, LLP**
**Erin M. McCartney, Bar No. 308803**
**Leslie M. Klott, Bar No. 279622**
**30 Corporate Park, Suite 450**
**Irvine, CA  92606**
**Telephone:  (714) 848-7920**
**Fax:  (714) 908-7807**

6

7

8

Attorney(s) for Secured Creditor, THE BANK OF NEW YORK MELLON FKA THE BANK
OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC.,
CHL MORTGAGE PASS-THROUGH TRUST 2004-HYB7, MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2004-HYB7

9

10

11

12

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

13

14

15

16

17

18

19

20

21

22

23

| | |
|---|---|
| In re:<br><br>Rene Khachatourian dba LA Financial Enterprises,<br><br>        Debtor. | Case No.: 2:16-bk-22472-RK<br><br>Chapter 7<br><br>**NOTICE OF ERRATA RE: NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. 362 (WITH SUPPORTING DECLARATIONS) (REAL PROPERTY)**<br><br>**Hearing:**<br>Date:  November 8, 2016<br>Time:  10:30am<br>Place:  United States Bankruptcy Court<br>          Courtroom 1675<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

24

25

26

27

28

        **TO THE HONORABLE ROBERT N. KWAN, DEBTOR, DEBTOR'S COUNSEL,**

**CHAPTER 7 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

        **PLEASE TAKE NOTICE** that on October 11, 2016, Secured Creditor filed a Motion

for Relief which inadvertently omitted Page 7 of the Real Property Declaration. This Errata is

1

1  filed for the purpose of providing a complete copy of the Real Property Declaration, which is

2  attached to this document as **Exhibit "1"**. Secured Creditor apologizes for any inconvenience.

3  DATED:  November 4, 2016                    ZIEVE, BRODNAX & STEELE, LLP

4                                              By: /s/ Erin M. McCartney
                                                   ERIN M. MCCARTNEY, ESQ.
5                                                  Attorneys for Movant.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) _Katherine Montes_ , declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*):  I am a Sr. Bankruptcy Case Manager for Shellpoint Mortgage Servicing, servicer for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-HYB7, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-HYB7, Movant.

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached*):

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.

      ☐ Beneficiary.

   d. ☒ Other (*specify*): Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-HYB7, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-HYB7. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgage Property, the foreclosure will be conducted in the name of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-HYB7, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-HYB7, Movant. Movant directly or through an agent has possession of the Note. The Note is either made payable to Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

4. a.  The address of the Property is:

   *Street address*: 6642 Woodlake Avenue
   *Unit/suite number*:
   *City, State, zip code*: West Hills, CA 91307

   b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

      See Exhibit 2

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014 | Page 6 | F 4001-1.RFS.RP.MOTION

Exhibit 1

5. Type of property (*check all applicable boxes*):

a. ☐  Debtor's principal residence          b. ☒  Other residence
c. ☐  Multi-unit residential                d. ☐  Commercial
e. ☐  Industrial                            f. ☐  Vacant land
g. ☐  Other (*specify*):

6. Nature of the Debtor's interest in the Property:

a. ☐  Sole owner
b. ☐  Co-owner(s) (*specify*):
c. ☐  Lienholder (*specify*):
d. ☒  Other (specify): Beneficiary under unauthorized Deed of Trust and Assignment of Rents
e. ☒  The Debtor  ☐  did  ☒  did not list the Property in the Debtor's schedules. * Schedules have not been filed
f. ☒  The Debtor acquired the interest in the Property by  ☐  grant deed  ☐  quitclaim deed  ☒  trust deed.

   The deed was recorded on (*date*) ___Deed of Trust and Assignment of Rents was executed on 10/04/2016

7. Movant holds a  ☒  deed of trust  ☐  judgment lien  ☐  other (specify) _____

a. ☒  A true and correct copy of the document as recorded is attached as Exhibit __2__ .

b. ☒  A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit __1__ .

c. ☒  A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit __3__ .

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: [Plus Deferred Balance, if any] | $ | $ | $ 383,200.00 |
| b. | Accrued interest: | $ | $ | $ 98,023.84 |
| c. | Late charges | $ | $ | $ 0.00 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ 7,083.11 |
| e. | Advances (property taxes, insurance): | $ | $ | $ 50,792.00 |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[0.00          ] |
| g. | TOTAL CLAIM as of (*date*): 10/19/2016 | $ | $ | $ 539,098.95 |

h.  ☐  Loan is all due and payable because it matured on (date) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):
a. Notice of default recorded on (*date*) __12/09/2015__ or ☐ none recorded.
b. Notice of sale recorded on (*date*) __07/21/2016__ or ☐ none recorded.
c. Foreclosure sale originally scheduled for (*date*) __08/15/2016__ or ☐ none scheduled.
d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.
e. Foreclosure sale already held on (*date*) _____ or ☒ none held.
f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 7                    F 4001-1.RFS.RP.MOTION

Exhibit 1

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

 a. Amount of current monthly payment as of the date of this declaration: $ 2,625.49 _____ for the month of October _____ 20 16 .

 b. Number of payments that have come due and were not made: 96 . Total amount: $ 238,501.19 _____

 c. Future payments due by time of anticipated hearing date (*if applicable*):
 An additional payment of $ 2,625.49 _____ will come due on (*date*) 11/01/2016 _____, and on the 1st day of each month thereafter. If the payment is not received within 15 days of said due date, a late charge of $ N/A _____ will be charged to the loan.

 d. The fair market value of the Property is $ N/A Bad Faith _____ established by:
 (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____
 (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____
 (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____
 (4) ☐ Other (*specify*):

 e. **Calculation of equity/equity cushion in Property: N/A Bad Faith**

 Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (if any) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Movant | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** | | | $ |

 f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit 2 and consists of:
 (1) ☐ Preliminary title report.
 (2) ☐ Relevant portions of the Debtor's schedules.
 (3) ☒ Other (*specify*): Deed of Trust

 g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion: N/A Bad Faith**
 I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ _____ and is _____ % of the fair market value of the Property.

 h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity: N/A Bad Faith**
 By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ _____ .

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 8                                    F 4001-1.RFS.RP.MOTION

Exhibit 1

i. ☐ Estimated costs of sale: $ _____ (estimate based upon _____ % of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____ .
   A plan confirmation hearing currently scheduled for (*or concluded on*) the following date: _____ .
   A plan was confirmed on the following date (*if applicable*): _____ .

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____ .)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:          $
   (*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:          $
   (*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:          $[          ]
   TOTAL POSTPETITION DELINQUENCY:          $

g. Future payments due by time of anticipated hearing date (if applicable): _____ .
   An additional payment of $ _____ will come due on _____ , and on
   the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $ _____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
   $ _____ received on (*date*) _____
   $ _____ received on (*date*) _____
   $ _____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
   A plan payment history is attached as Exhibit _____ . See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014          Page 9          F 4001-1.RFS.RP.MOTION

Exhibit 1

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*)_____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*)_____ which is ☐ prepetition ☐ postpetition

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☒ Other (*specify*): See attached continuation page

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:
   a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.
   b. ☒ Multiple bankruptcy cases affecting the Property include:

      1. Case name:   Daniel H Fumbarg aka Daniel Horacio Fumbarg (**See Exhibit 5**, Docket)
         Chapter:   7        Case number:   1:10-bk-22151-MT
         Date filed:   09/27/2010     Date discharged:   _____   Date dismissed: 01/05/2011
         Relief from stay regarding the Property ☐ was ☒ was not granted

      2. Case name:   Daniel H Fumbarg aka Daniel Horacio Fumbarg (**See Exhibit 6**, Docket)
         Chapter:   7        Case number:   1:11-bk-22666-MT
         Date filed:   10/31/2011     Date discharged:   _____   Date dismissed: 01/09/2012
         Relief from stay regarding the Property ☐ was ☒ was not granted

      3. Case name:   Daniel Fumbarg
         Chapter:   13        Case number:   1:16-bk-12368-MT (**See Exhibit 7**, Docket)
         Date filed:   08/15/2016     Date discharged:   _____   Date dismissed: 09/28/2016
         Relief from stay regarding the Property ☐ was ☒ was not granted

   ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.
   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 10                                    F 4001-1.RFS.RP.MOTION

Exhibit 1

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____ .

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

10/11/16
_____
Date

Katherine Montes
_____
Printed Name

_____
Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

30 Corporate Park, Suite 450
Irvine, CA 92606

**NOTICE OF ERRATA RE: NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. 362 (WITH SUPPORTING DECLARATIONS) (REAL PROPERTY)**

A true and correct copy of the foregoing document entitled (*specify*):
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
____**November 4, 2016**____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David M Goodrich (TR), Trustee          GoodrichTrustee@sulmeyerlaw.com
United States Trustee (LA)               ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) ____**November 4, 2016**____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   **November 4, 2016**  ,
I served the following persons and/or entities by personal delivery, overnight mail service or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 4, 2016 | Michele Dapello | /s/ Michele Dapello |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

| In re                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Rene Khachatourian | |
| Debtor(s). | CASE NO.: 2:16-bk-22472-RK |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**SERVED BY UNITED STATES MAIL:**

**DEBTOR:**
Rene Khachatourian
1064 Davis Ave
Glendale, CA 91201

**DEBTOR:**
Rene Khachatourian
6642 Woodlake Avenue
West Hills, CA 91307

**MORTGAGOR:**
Daniel Horacio Fumbarg
6642 Woodlake Avenue
West Hills, CA 91307

**PRESIDING JUDGE (exhibits tabbed pursuant to LBR 9004-1(a)):**
United States Bankruptcy Court
Chambers of Honorable Robert Kwan
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012